UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-cr-292-PJS-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| ANTONIO OCAMPO, | |
| Defendant. | |

This matter is before the Court on the Antonio Ocampo's motions seeking discovery and disclosure. The Court held a video hearing on April 6, 2021, and heard oral argument from counsel for Mr. Ocampo and the government. Based on the discussion at the hearing and the parties' written submissions, the Court enters the following Order.

1. **Motion for Pretrial Disclosure of 404 Evidence (ECF No. 21).**

Mr. Ocampo moves for an order requiring immediate disclosure of any evidence the government intends to offer at trial pursuant to Federal Rule of Evidence 404(b). The government states that it intends to disclose any such evidence at least fourteen days prior to trial. The motion is **GRANTED IN PART**. Rule 404(b)(3) requires a prosecutor to provide reasonable pretrial notice of the evidence the government intends to offer in a criminal trial. Accordingly, the government must disclose any evidence it intends to offer at trial under Rule 404(b) **no later than three weeks prior to trial**. Such notice will ensure that the defense has a "fair opportunity" to address the admissibility of such evidence at trial. Fed. R. Evid. 404(b)(3)(A).

2. **Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 22).**

Mr. Ocampo seeks an order requiring the government to disclose evidence favorable to the defense as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. He also asks the Court to direct the prosecution to review the files of all agencies involved in this case to determine whether any exculpatory

material exists and to disclose any such evidence to the defense. The government sates that it is aware of its obligations under the case law and agrees to provide evidence that is favorable to the defendant and material to the defense, to the extent it has not already done so. The motion is **GRANTED**. *Brady*, *Giglio*, and their progeny impose an ongoing obligation on the government to provide exculpatory evidence to the defense. All such material must be disclosed to the defense **within 14 days of the date of this Order**. If the government later discovers the existence of any such evidence, it must provide it to the defense as soon as practicable to allow for adequate trial preparation.

### 3. Motion for Discovery and Inspection (ECF No. 23).

Mr. Ocampo seeks discovery and disclosure from the government pursuant to the Federal Rules of Criminal Procedure. The government does not oppose the motion. The government states that it has already provided information to the defense as required by Federal Rule of Criminal Procedure 16 and will continue to comply with the requirements of the Rule. The government also notes that it may call an expert at trial to testify about drug trafficking. The motion is **GRANTED** to the extent that the government must provide discovery and disclosure as required by Rule 16. The government shall make any expert disclosures **at least 30 days prior to trial**. Mr. Ocampo shall make any expert disclosures **at least 14 days prior to trial**.

### 4. Motion to Disclose and Make Informant Available for Interview (ECF No. 24).

Mr. Ocampo seeks an order requiring the government to disclose the identity of any informant the government used in its investigation of this case. The government opposes the motion, asserting that it is not required to disclose any informant who will not testify at trial and that it will disclose the identity of any informant who will testify at trial along with its disclosure of Jencks Act materials. The government does not, however, state explicitly whether or not its investigation involved any informant whose disclosure might be required, nor does it clarify whether it is, in fact, asserting its privilege against disclosure under *Roviaro v. United States*, 353 U.S. 53 (1957).

At this stage, the Court concludes that Mr. Ocampo has not made a showing that disclosure of an informant's identity is material to the outcome of the case. *United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001) (providing that disclosure is required where necessary to ensure a fair trial). However, the government's response to the motion leaves important questions regarding its use of an informant, if any, unanswered. Accordingly, the motion is **DENIED WITHOUT PREJUDICE**. **Within 14 days of the date of this Order**, counsel for the parties shall meet and confer to discuss whether any

informant was used during the government's investigation, whether the government will, in fact, assert its privilege regarding disclosure, and whether the defense will challenge the assertion of the privilege. Mr. Ocampo may renew his motion if he deems it appropriate to further seek disclosure of such an informant.

### 5. Motion for Early Disclosure of Jencks Act Material (ECF No. 25).

Mr. Ocampo seeks an order requiring the government to provide Jencks Act materials to the defense at least three days prior to trial. The government does not object to the motion, but it does object to any order requiring early disclosure of Jencks Act materials. The government further states that it "understands that early disclosure of such material promotes efficient trials and will agree to the reciprocal exchange of Jencks Act materials with defense counsel 3 days before trial." Gov't Resp. at 4–5. Based on the government's agreement, the motion is **GRANTED**. The government shall abide by its representation that such disclosure will be made three business days prior to trial, and is encouraged to disclose such materials well ahead of that deadline.

### 6. Motion for Government Agents to Retain Rough Notes and Evidence (ECF No. 26).

Mr. Ocampo asks the Court to require the government to instruct law enforcement officials involved in the investigation to retain and preserve any rough notes. The government does not object to the motion. Accordingly, the motion is **GRANTED**.

Date: April 6, 2021

                                             *s/Katherine Menendez*
                                             Katherine Menendez
                                             United States Magistrate Judge